course, if the ice, when broken up, was no more dangerous to pedestrians than before, the city cannot be held liable for negligence.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, LAMBERT, J., in result only.

---

## MISENER v. CITY OF SYRACUSE.

(Supreme Court, Appellate Division, Fourth Department.   March 8, 1916.)

Appeal from Trial Term, Onondaga County.

Action by Mary L. Misener against the City of Syracuse. From a judgment for defendant, plaintiff appeals. Judgment reversed, and new trial granted.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

PER CURIAM. Judgment reversed, and new trial granted, with costs to appellant to abide event. See opinion by Foote, J., in case of Harry Minton v. City of Syracuse, 158 N. Y. Supp. 470, decided herewith.

---

## HELWIG v. CITY OF GLOVERSVILLE.

(Supreme Court, Fulton County, at Chambers.   April 20, 1916.)

1. MUNICIPAL CORPORATIONS ☞331—PUBLIC IMPROVEMENTS—CONTRACTS—ADVERTISEMENT FOR BIDS.

A charter provision that bids for paving improvements shall be advertised in newspapers named and for times directed by the council is violated by a paving resolution directing the engineer and city clerk to advertise the bids as seems best, and advertisement pursuant thereto.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 856, 857; Dec. Dig. ☞331.]

2. MUNICIPAL CORPORATIONS ☞333—PUBLIC IMPROVEMENTS—CONTRACTS—DEPOSIT BY BIDDER.

Where the resolution of determination to pave required a bidder's deposit of $1,500, specifications and published notice requiring $10,000 deposit are in violation of law.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 859; Dec. Dig. ☞333.]

3. MUNICIPAL CORPORATIONS ☞339(2)—PUBLIC IMPROVEMENTS—CONTRACTS—ALTERATION.

Where the paving resolution and specifications demanded a certain pavement, and bids were received thereon, a resolution awarding the contract for paving, partly with the specified pavement and partly with another pavement, is unauthorized.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 870; Dec. Dig. ☞339(2).]

4. MUNICIPAL CORPORATIONS ☞444—PUBLIC IMPROVEMENTS—ASSESSMENTS—STATUTES.

Where provisions of law as to advertising for bids, deposits accompanying bids, and lowest bidder as to a paving contract are violated, the assessment for the expense of the pavement is vitiated.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1064, 1069; Dec. Dig. ☞444.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes